PEDRO D'AZIZI, Plaintiff and Appellee, *v.* ENRIQUE ALCARAZ, Defendant and Appellant.

No. 4966. Argued February 20, 1930.—Decided May 7, 1930.

*Angel A. Vázquez,* for appellant.    *A. R. de Jesús,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

In an action brought under sections 1387 and 1389 of the Civil Code, it is not necessary that a plaintiff should follow the language of the statute in alleging that hidden defects render the thing sold "unfit for the use to which it was destined", or that they "diminish said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it."

The complaint herein set forth that Alcaraz and his wife sold to plaintiff for $7,500 an urban property in that portion of the northern section of the ward of Santurce, city of San Juan, known as "Martín Peña" and "Pastorcillo"; that at the time of such conveyance the vendor knew that the drainage pipe which served as an outlet to the plumbing system in the said house traversed a contiguous lot without the consent of its owner, and concealed the fact from the purchaser who had no knowledge thereof but learned of it some time after entering into possession of the property when Mrs. Reggiani,

whose property was traversed by the said pipe, demanded the immediate removal thereof; that if plaintiff had known of these hidden defects in the property sold to him, he would not have bought the same, or at least would not have paid more than $6,900 for it.

Such a complaint can hardly be commended as a model of good pleading. It must be conceded that plaintiff's statement of his cause of action is somewhat defective. It might have been much more specific and certain. It does, however, state facts sufficient to constitute a cause of action.

From the face of the pleading it appears that the property in question was an urban house and lot in a populous district of the largest city on the island. The defect was a hidden defect, known to the vendor, unknown to the purchaser, and concealed by the vendor. In the case of an urban property of the sort described in the complaint, the want of an outlet to the plumbing system with which it is equipped, or the existence of an outlet which may be closed at will by the owner of an adjoining city lot is a defect which necessarily renders the property more or less "unfit for the use to which it was destined" whatever that use may be. The alternative requirement of the statute that the defect "should diminish said use in such manner that had the vendee had knowledge thereof he could not have acquired it or would have given a lower price for it", is fairly met by the averment already quoted to the effect that if plaintiff had known of these hidden defects in the property sold to him, he would not have bought the same, or at least would not have paid more than $6,900 for it.

If defendant's demurrer for want of facts sufficient to constitute a cause of action had been overruled, such ruling would not have amounted to reversible error.

The complaint is a defective statement of a good cause of action, not the statement of a defective cause of action.

The evidence conclusively shows: that plaintiff purchased the property in October, 1926; that before making the pur-

chase he examined the property; that the drain pipe in question was laid underground across three other lots, and connected a watercloset in the house purchased by plaintiff with the *Barrio Obrero* sewerage system; that in January or February, 1927, Mrs. Reggiani, owner of one of the three lots traversed by the drain pipe demanded its removal and closed this outlet; that Mrs. Reggiani wanted $500 as a consideration for the easement, but the owners of the other two lots would not agree to anything more than a temporary permit, for which one of them demanded $100; that plaintiff spent some $350 in laying another pipe across other lands, under a temporary permit from the owners thereof, revocable at will by such owners; that the house was used as a dwelling both before and after the purchase thereof by plaintiff, and that plaintiff would not have made the purchase had he known that the drainage system had no outlet; that the house stands on low land where water is found at a depth of one foot below the surface of the ground, for which reason a cesspool is out of the question; that without sewerage connection, or a privy constructed in accordance with the requirements of the department of health, the house could not be used as a dwelling, and that the difference between the present value of the property with its provisional sewerage connection and the value of the same property if provided with a permanent connection amounts to $1,000.

It was not necessary that the testimony of any witness should follow verbatim the phraseology of the statute in order to show that the want of a permanent connection with the sewerage system had rendered the property unfit for the use to which it was destined or had diminished said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it. If the complaint failed to state facts sufficient to constitute a cause of action in not specifying the use to which the property was destined or in not setting forth that the property had been rendered either wholly or partially

.unfit for such use, the omission was supplied by evidence admitted without objection on the part of defendant.

If the demurrer had been sustained, plaintiff would have been permitted to amend. The rule is that where an amendment would have been allowed on request, and the omission of a material fact or of any element in the cause of action has been supplied by evidence admitted without objection on the part of defendant, the complaint will be deemed on appeal to have been amended to conform to the evidence. *People* v. *Heirs of Valdés*, 31 P.R.R. 213; *Merino* v. *Globe Rutgers Fire Insurance Company*, 35 P.R.R. 365; *Carbou* v. *Mir*, 36 P.R.R. 728; *Slaughter* v. *Goldberg; Bowen & Co.*, 26 Cal. App. 318; *Ellinghouse* v. *Ajax Live Stock Company*, L.R.A. 1916 D. 837, and note.

Section 199 of the Code of Civil Procedure provides that, in a specified class of cases, issues of law must be disposed of before deciding the issues of fact. In such cases, if a general demurrer has been interposed and the record be silent as to what action, if any, was taken thereon by the court, it is well enough to say that the demurrer will be presumed to have been overruled. *López* v. *The American Railroad Company of Porto Rico*, 11 P.R.R. 148; *Clausells* v. *Schuck*, 18 P.R.R. 22. Here, as pointed out in our former opinion, the record is not silent. It does not show, as intimated by appellant that both aspects of the demurrer were discussed. It points rather to the conclusion that the question of limitation was the only question argued and submitted to the court. Certainly that was the only question decided by the court.

The question of limitation, when raised by demurrer, is usually presented as a want of facts sufficient to constitute a cause of action. If the alleged omission now relied upon by appellant was not discussed, the district judge was justified in construing the demurrer as raising only the question of limitation. If such omission had been discussed, the attention of the district judge should have been directed to

that fact by counsel for defendant when the ruling on the question of limitation was announced.

The question now before us is not merely a question of pleading. It goes to the sufficiency of the complaint as aided by the evidence, not to the sufficiency of that pleading as it stood at the beginning of the trial. In passing upon that question we are not disposed to indulge the presumption referred to in *López* v. *American Railroad Co.* and in *Clausells* v. *Schuck, supra.* To do so would be to sanction and to encourage the practice of holding a general demurrer in ambush while permitting a plaintiff to supply the missing elements in the statement of his cause of action by the introduction of evidence without objection on the part of defendant, and of then demanding on appeal the reversal of a meritorious judgment because of such original defects. That is not a commendable practice.

A reversal of the judgment in the instant case would amount to a flagrant violation of section 142 of the Code of Civil Procedure, which provides that:

"The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The motion for rehearing must be overruled.